**Adam J. FRANK, Plaintiff,**

v.

**The LONG ISLAND RAILROAD COMPANY, Defendant.**

**Civ. No. 16967.**

United States District Court
E. D. New York.
Jan. 10, 1958.

Otto M. Buerger, New York City, for defendant, by James A. Treanor, Jr., New York City, of counsel, for the Motion.

Morris L. Morse, New York City, for plaintiff, by Isidore Halpern, Brooklyn, N. Y., of counsel, in opposition.

RAYFIEL, District Judge.

The trial of the above-entitled action, in which liability was conceded by the defendant, consumed about eight days, and resulted in a verdict by a jury in favor of the plaintiff in the sum of $145,-000.

The defendant has moved under Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a new trial, basing its right thereto on the following grounds:

1. that the verdict of the jury was excessive.

2. that it was rendered under a misinterpretation and misapplication of the "mortality" and "present value" tables, referred to in the Court's charge.

3. that the Court erred in refusing to allow the jury to consider higher rates of interest than four per cent in the use of the "present value" table.

As to point 2, it is the Court's opinion that the jury was adequately informed as to the use and application of the tables in question, and, as to point 3, the jury was instructed, in substance, that it would be the sole judge of the rate of interest at which its award for loss of future earnings could be invested in order to yield to the plaintiff the annual loss of earnings which it would determine he would sustain for the remainder of his work expectancy.

As to the claim that the verdict
was excessive:

It was agreed that the plaintiff's take-home pay prior to the accident was $5,-300 per annum. At the time of the trial the plaintiff's loss of earnings aggregated $7,100. The defendant, in its supporting affidavit, conceded, in effect, that the plaintiff would be unable to earn anything for a further period of one year, and would, therefore, be entitled to an additional $5,300. The defendant contends, or rather, assumes, that for the remainder of plaintiff's work expectancy of thirty years his earnings would be cut in half as the result of his injuries, and that his aggregate loss of future earnings would be $79,500 which, discounted at 4% would be approximately $42,000. The defendant then assumes, by deducting the aforementioned loss of past and future earnings from the verdict of $145,000, that the jury awarded the plaintiff the sum of approximately $90,-000 for "his pain, suffering, limitation of motion and such personality change as was testified to," which, it argues, is an exorbitant amount. In the light of what follows I need not express an opinion as to that contention of the defendant.

The defendant offered no medical testimony. The report of its medical expert, an orthopedist, received in evidence, was in agreement with the findings and testimony of plaintiff's expert. There was virtually no dispute as to the nature and extent of the plaintiff's physical injuries.

On the basis of the evidence adduced the jury could have found that the plaintiff, because of his physical and mental condition, could not have obtained gainful employment in the future, or, if he could, that his earnings would not exceed $2,000 per annum. It could have discounted his total loss of future earnings at 3½%, or even 3¼%, instead of the 4% used by the defendant. In any of such events, the plaintiff's loss of future earnings would have been substantially increased, and the award for pain and suffering, etc., correspondingly reduced.

For the reasons hereinabove stated, and on the record in the case, it is my opinion that the verdict was not excessive.

Accordingly, the motion is denied.